

600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4232
Email: sbrauerman@bayardlaw.com

October 16, 2019

**VIA ELECTRONIC FILING**

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building,
844 North King Street
Unit 17, Room 3124
Wilmington, DE 19801-3555

Re:  *Wildcat Licensing WI LLC v. Bayerische Mot Werke AG, et al.*, C.A. No. 1:19-cv-834-MN-JLH
    *Wildcat Licensing WI LLC v. FCA US LLC, et al.*, C.A. No. 1:19-cv-840-MN-JLH
    *Wildcat Licensing WI LLC v. Ford Motor Company*, C.A. No. 1:19-cv-842-MN-JLH
    *Wildcat Licensing WI LLC v. General Motors LLC*, C.A. No. 1:19-cv-843-MN-JLH
    *Wildcat Licensing WI LLC v. Jaguar Land Rover Limited, et al.*, C.A. No. 1:19-cv-844-MN-JLH
    *Wildcat Licensing WI LLC v. Lear Corporation, et al.*, C.A. No. 1:19-cv-845-MN-JLH
    *Wildcat Licensing WI LLC v. Magna International Inc., et al.*, C.A. No. 1:19-cv-846-MN-JLH

Dear Magistrate Judge Hall:

The Parties jointly submit this letter pursuant to the Court's September 12, 2019 and September 16, 2019 Oral Orders entered in the above-captioned cases.

**(a) Description of what this case is about**

These are actions for patent infringement.  Plaintiff asserts that each named Defendant infringes one or both of its patents, U.S. Patent Nos. RE47,232 and RE47,220 (collectively, the "Asserted Patents").   The Asserted Patents disclose assembly systems and methods for assembling articles of manufacture.  Plaintiff asserts that each named Defendant directly and indirectly infringes one or both of the Asserted Patents by using Defendants' assembly operations and by making and using Defendants' assembly systems to manufacture component parts of automobiles.  Plaintiff asserts that Defendants' infringement is willful.  Defendants deny these assertions.  Defendants also contend that the Asserted Patents are invalid.

The Magna Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) based on the allegations that the Asserted Patents are invalid pursuant to 35 U.S.C. §



Honorable Jennifer L. Hall
October 16, 2019

101 and that the complaint fails to state a plausible claim for infringement. (C.A. No. 1:19-cv-846, D.I. 15, 16.) Plaintiff opposed Magna's motion. (C.A. No. 1:19-cv-846, D.I. 19.) This motion is pending before Your Honor and will be fully briefed on October 18. The remaining U.S.-based Defendants have answered Plaintiff's complaints.

### (b) Parties' positions regarding any disputes in the proposed Scheduling Order

The parties have diverging proposals on how many hours of testimony by deposition upon oral examination of fact witnesses, including individual and Rule 30(b)(6) depositions as well as third party depositions, each side should be limited to.

Plaintiff proposes that it be limited to a total of 70 hours of testimony by deposition upon oral examination of fact witnesses, including individual and Rule 30(b)(6) depositions as well as third-party depositions, per Defendant Group. This time allotment equates to approximately ten (10) depositions of seven (7) hours each for all fact witnesses, corporate witnesses and related third-party witnesses combined per Defendant Group. Considering that most Defendant Groups consist of multiple entities, Plaintiff believes this number is reasonable and does not expose any Defendant Group to discovery abuse while at the same time will eliminate the need for Plaintiff to burden the Court with requests for further depositions. Defendant's counter-proposal of 120 total hours across all Defendants equates to approximately two (2) depositions for all fact witnesses, corporate witnesses and related third-party witnesses combined per Defendant Group, which Plaintiff believes is a not a reasonable proposal under the circumstances. Wildcat's proposal is not attempting to unfairly benefit from the consolidated nature of these proceedings, but rather anticipates the complexity of proving the existence of every claim element in each Defendant Group's overall system(s) and process(es). While each Defendant Group might know the full extent of what is needed in this regard, surely Plaintiff does not, and the Court should permit Plaintiff a fair chance to prove its claims.

Defendants propose that deposition time be structured as followed: Defendants will collectively be limited to 90 hours of deposition time, including third-party depositions; Plaintiff will be limited to 120 hours total (across all Defendants), including third-party depositions, with no more than 25 hours going to any Defendant Group. Plaintiffs' proposal equates to 490 hours of total deposition time, which far exceeds what is necessary in this case—particularly because Wildcat's complaints for each of the Defendants roughly mirror each other in terms of the accused systems. It is immaterial that some of the Defendant Groups consist of multiple entities. Parties are routinely structured in this way; Wildcat has made no allegation that the entities have unique information necessitating multiple depositions; and any concern Wildcat has can be resolved by using 30(b)(6) depositions. By requesting nearly 500 hours of deposition time—while demanding that Defendants are limited to a collective 90 hours—Wildcat is seeking to take advantage of the benefits of consolidated proceedings, without making any meaningful concessions to streamline the case. Defendants request that the Court adopt their proposal.

Honorable Jennifer L. Hall<br>October 16, 2019

**(c) <u>List of any other issues the parties want to address at the Rule 16 Scheduling Conference</u>**

None.

                                        Respectfully submitted,

                                        */s/ Stephen B. Brauerman*

                                        Stephen B. Brauerman (sb4952)

cc: All Counsel of Record (via CM/ECF e-filing)