| | |
|---|---|
| WILDCAT LICENSING WI LLC, | |
| *Plaintiff,* | |
| v. | C.A. No. 1:19-cv-00834-MN-JLH |
| BAYERISCHE MOTOREN WERKE AG, BMW MANUFACTURING CO., LLC, and BMW OF NORTH AMERICA, LLC, | **JURY TRIAL DEMANDED** |
| *Defendants.* | |
| WILDCAT LICENSING WI LLC, | |
| *Plaintiff,* | |
| v. | C.A. No. 1:19-cv-00839-MN-JLH |
| FAURECIA S.A., FAURECIA USA HOLDINGS, INC., FAURECIA INTERIOR SYSTEMS, INC., FAURECIA AUTOMOTIVE SEATING, LLC, FAURECIA MADISON AUTOMOTIVE SEATING, INC., FAURECIA EMISSIONS CONTROL TECHNOLOGIES, USA, LLC, FAURECIA EMISSIONS CONTROL SYSTEMS NA, LLC, and FAURECIA AUTOMOTIVE HOLDINGS, INC., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |
| WILDCAT LICENSING WI LLC, | |
| *Plaintiff,* | |
| v. | C.A. No. 1:19-cv-00840-MN-JLH |
| FCA US LLC, FCA ITALY S.P.A., and FIAT CHRYSLER AUTOMOBILES N.V., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

       v.

FORD MOTOR COMPANY,

       *Defendant.*

C.A. No. 1:19-cv-00842-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

       v.

GENERAL MOTORS LLC,

       *Defendant.*

C.A. No. 1:19-cv-00843-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

       v.

JAGUAR LAND ROVER LIMITED and
JAGUAR LAND ROVER NORTH AMERICA,
LLC,

       *Defendants.*

C.A. No. 1:19-cv-00844-MN-JLH

**JURY TRIAL DEMANDED**

---

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

       v.

LEAR CORPORATION and
LEAR AUTOMOTIVE MANUFACTURING,
LLC,

       *Defendants.*

C.A. No. 1:19-cv-00845-MN-JLH

**JURY TRIAL DEMANDED**

WILDCAT LICENSING WI LLC,

       *Plaintiff,*

    v.

MAGNA INTERNATIONAL INC., MAGNA
INTERNATIONAL OF AMERICA, INC.,
MAGNA POWERTRAIN INC., MAGNA
POWERTRAIN OF AMERICA, INC., MAGNA
POWERTRAIN USA, INC., MAGNA SEATING
OF AMERICA, INC., MAGNA EXTERIORS OF
AMERICA, INC., MAGNA CLOSURES OF
AMERICA, INC., and COSMA
INTERNATIONAL INC.,

       *Defendants.*

C.A. No. 1:19-cv-00846-MN-JLH

**JURY TRIAL DEMANDED**

## STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE
## AND USE OF DISCOVERY MATERIALS

Plaintiff Wildcat Licensing WI LLC ("Plaintiff") and all of the above-named Defendants

who have been served as of the date of this Order (collectively "Defendants") anticipate that

documents, testimony, or information containing or reflecting confidential, proprietary, trade

secret, and/or commercially sensitive information are likely to be disclosed or produced during the

course of discovery, initial disclosures, and supplemental disclosures in the above-captioned cases

and request that the Court enter this Order setting forth the conditions for treating, obtaining, and

using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause

for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery

Materials ("Order" or "Protective Order"):

    1.    **<u>DEFINITIONS</u>**

        (a)    "Discovery Material" means all items or information, including from any

non-party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony adduced at deposition upon oral examination or upon written questions,

answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in the above-captioned cases.

(b)      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including their administrative staff (e.g., paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or trial of this action.

(c)      "Asserted Patents" or "Patents-in-suit" means, collectively, U.S. Patent Nos. RE47,220 (the "'220 Patent") and RE47,232 (the "'232 Patent").

(d)      "Party" means any party who has been served in the above-captioned cases as of the date of this Order, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)      "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in the above-captioned cases.

(f)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; (ii) materials that show on their face they have been disseminated to the public; (iii) information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (iv)

information that the Receiving Party can show was obtained (without any benefit or use of Protected Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; and (v) information that was submitted to a governmental entity without request for confidential treatment.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly code, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Verilog or other types of Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and data files containing formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

2.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

3.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's

own disclosure or use of its own Discovery Material for any purpose.

(c)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter(s) not be produced at all.

4.     **DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation.  Even after the termination of the above-captioned cases, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for the above-captioned cases or any related appellate proceeding and/or proceedings before the United States Patent and Trademark Office (the "USPTO").  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  To the extent any Party seeks to use Protected Material in connection with proceedings before the USPTO, such Party shall take reasonable steps to (i) file any such Protected Material under seal or otherwise protected from public disclosure; and (ii) request the entry of a protective order containing terms substantially consistent with this Order.

(b)     Secure Storage.  Protected Material must be stored and maintained by a Receiving Party in a reasonably secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise at least the same degree of care and employ the same commercially-reasonable security protocols in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential

information of a similar nature.

(c)     <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to the above-captioned cases based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

(e)     <u>Cross-Production of Defendant Confidential Material</u>.  No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.  Information produced through discovery in a lawsuit against one Defendant may not be used in a lawsuit against a second Defendant unless it is also timely produced through discovery in the lawsuit against the second Defendant.

(f)     Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material.  A Defendant's consent to the production or disclosure of Protected Material to another Defendant shall not affect the Protected Material's status as Protected Material.  If Plaintiff

seeks to disclose a Defendant's Protected Material to any other Defendant or Defendants, then Plaintiff will seek consent from the Defendant who produced the Protected Material at issue. The Defendant will then have ten (10) business days to respond to the request. Defendant will not unreasonably withhold its consent. If Plaintiff receives no response, then it may proceed with the requested disclosure. If objecting to the disclosure, Defendant shall state the complete grounds for the objection. Thereafter, further dispute shall be resolved in accordance with the following procedures:

(i)  The Plaintiff shall have the burden of conferring either in person, in writing, or by telephone with the objecting Defendant in a good faith effort to resolve the dispute. The Defendant shall have the burden of justifying the objection;

(ii)  Failing agreement, the Plaintiff may bring a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other Defendant or Defendants. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against disclosure of a Defendant's Protected Material to any other Defendant or Defendants, establish any presumption that a particular objection is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)  Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other Defendant or Defendants until one of the following occurs:  (a) the Defendant who produced the Protected Material in question withdraws such an objection in writing; or (b) the Court rules that the Protected Material in question may be disclosed to other Defendants.

**6.  <u>DESIGNATING PROTECTED MATERIAL</u>**

(a)  <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

       (b)     <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and redesignated, as appropriate during the copying process.

       (c)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given.  Alternatively, the Producing Party may designate testimony or information disclosed at the deposition by notifying all parties in writing within five (5) business days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Protected Material.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as

confidential must designate the confidential portions within ten (10) business days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

### 7. <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"</u>

(a) Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

(i) The Receiving Party's Outside Counsel;

(ii) Outside Counsel's paralegals and staff, and any copying or clerical litigation support services or vendors and their employees working at the direction of such counsel,

paralegals, and staff;

        (iii)      In the case of Plaintiff, Wildcat Licensing WI LLC, its owner, Jeffrey W. Salmon, shall have access to Discovery Material designated as "CONFIDENTIAL";

        (iv)      In-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the above-captioned cases, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        (v)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

        (vi)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (vii)      The Court, jury, and court personnel;

        (viii)      Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        (ix)      At a deposition or at trial, any person who falls within the scope of Paragraph 12 below;

        (x)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this

Protective Order; and

(xi) Any other person with the prior written consent of the Producing Party.

**8. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if nonpublic, shall be presumed to merit the "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, highly confidential agreements, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel;

(ii) Outside Counsel's paralegals and staff, and any copying or clerical litigation support services or vendors and their employees working at the direction of such counsel, paralegals, and staff;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work;

and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making against a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) At a deposition or at trial, any person who falls within the scope of paragraph 12 below;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

**9. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

(a) A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below, and may be disclosed, subject to Paragraph 10 below, solely to:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's paralegals and staff, and any copying or clerical litigation support services or vendors and their employees working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in competitive decision-making against a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)     At a deposition or at trial, any person who falls within the scope of paragraph 12 below;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff,

subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

## 10.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)   Any and all such Source Code documents, regardless of form, shall be maintained in the sole custody and control of the Producing Party or outside counsel of record of the Producing Party in the United States ("Source Code Custodians") and at a designated office of the Producing Party or outside counsel for the Producing Party.

(b)   When a Party is making its Source Code available via inspection as specified in Paragraph (d) below, it shall be made available for inspection during normal business hours (9:00 a.m. to 6:00 p.m. local time, Monday—Friday, excluding holidays) on a mutually agreed date to the extent reasonably practicable. However, upon notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access outside of normal business hours.

(c)   A list of persons who intend to inspect the Source Code will be provided to the Producing Party at least two (2) business days in advance of any scheduled inspection. The parties shall meet and confer before any such inspection about the number and identity of people attending.

(d)   The Source Code shall be produced in electronically-searchable or executable form and in a manner in accordance with how the Source Code is stored in the ordinary course of business, including in text searchable form where possible and retaining file and folder structures. All Source Code produced shall be made available on a single, stand-alone computer that is password protected, is not connected to any internal or external computer or computer

network, and has no Internet connection. The Party providing the inspection shall provide the Source Code in a format to permit the Receiving Party's counsel and experts to reasonably view, search, and analyze the Source Code. At a minimum, the Receiving Party is permitted to access such utilities that will provide the ability to (a) view, search and line-number any source file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their similarities and differences. The Parties agree to cooperate in good faith to allow or permit the Receiving Party to use programs to analyze and inspect the Source Code. If requested by the Receiving Party, the Producing Party shall install specific tools reasonably necessary to review the source code on the stand-alone computer including, but not limited to: Understand, PowerGrep, Beyond Compare, Adobe Reader, Microsoft Office Viewer(s), Notepad++, and Cygwin (full install including at least grep, diff, find, xargs, a2ps, ps2pdf, gs). The Receiving Party may request other similar software analysis tools reasonably appropriate to the type of Source Code. If the Producing Party does not possess an appropriate license to any such software tools, the Receiving Party may provide the Producing Party with an appropriate license or licensed copy of such software tool, and the Producing Party shall install such software tools on the stand-alone computer. To the extent such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, uploading, sending, transferring or other transmission of the source code. Visual monitoring by the Producing Party, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screen of the stand-alone computer, monitoring any surface reflecting notes or work product of Receiving Party, or monitoring the key strokes of the receiving party.

(e)     Source Code may not be printed or copied without agreement of the producing Party or further order of the court.  At the request of the Requesting Party, the Party providing the inspection shall provide the requesting Party paper copies of limited portions of the Source Code identified by the requesting Party that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The Requesting Party shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (d) above.  Requests for paper copies shall be limited to 600 aggregate pages of source code per source code version.  This is a presumptive limit and, as such, requests for additional paper copies or pages will not be unreasonably denied.  The Party providing the inspection will provide such paper copies in paper form to the requesting Party within ten (10) business days of the reviewing Party's request, unless otherwise agreed. The Party providing the inspection shall mark such copies clearly and prominently as "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and affix individual production numbers.  The Producing Party may challenge the amount of Source Code requested in hard copy provided however that the Producing Party shall not unreasonably challenge a request seeking less than the presumptive 600 page per version limit.  Failing agreement between the parties, the Plaintiff may bring a motion to the Court for a ruling that it is entitled to a hard copy of the Source Code for purposes pursuant to this paragraph.

(f)     The Party providing the inspection shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file on the stand-alone computer.

(g)     If the Court determines that the issue of missing files needs to be addressed, the Party providing the inspection will include on the stand-alone computer the build scripts,

compilers, assemblers, and other utilities necessary to rebuild the application from Source Code, along with instructions for their use.

(h)     Paper copies of Source Code must be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an outside expert cleared under the terms of this Stipulated Protective Order.  Paper copies of Source Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation.  Any deposition transcript may be electronically stored in outside counsel's deposition database.  Paper copies of Source Code may not themselves be copied, except to provide a copy to a person who has been cleared as an outside expert under the terms of this Stipulated Protective Order for the Receiving Party and except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

(i)     The Reviewing Party may take written notes of portions of the Source Code and other such notes as may be reasonably necessary to facilitate inspection of the Source Code, except that the Reviewing Party shall not copy the Source Code into the notes.  Any such notes shall be treated the same way as Source Code and shall be labeled "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  In addition, no recordable media or recordable devices, including without limitation laptops, tablets, cameras, sound recorders, cellular telephones, peripheral equipment, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code review room where the stand-alone computer is made available for viewing.

(j)     The Receiving Party is prohibited from making copies of Source Code for use at a deposition or at a hearing without the Producing Party's prior written consent.  If the Receiving Party intends to use Source Code at a deposition or hearing, such party must provide the Producing Party with three (3) calendar days' advance notice of its intent to use such Source Code,

in which case the parties will work together to determine the necessary steps to take to make the Source Code available for use during the deposition or hearing.

## 11. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who accesses Protected Material shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action or the subject matter of highly confidential technical information to be produced in this action, including without limitation the Patents-in-suit and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting or amending patent claims in any context, including prosecution of original, reissue, continuation, or other related applications, reexamination or other such proceedings, *inter partes* review, post-grant review, covered business method review, opposition proceedings, and/or any other contested proceedings before the U.S. Patent and Trademark Office that concern issued patents. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, covered business method patent review, or post grant review), so long as the individual's involvement in such proceedings does not include drafting or amending patent claims or providing any input regarding drafting and amending claims. Nothing in this section shall prevent any person from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations. This Prosecution Bar shall begin when access to Protected Material is first received by the affected individual and shall end two (2) years after final termination of this action.

## 12.   LIMITATIONS ON THE USE OF PROTECTED MATERIAL

(a)   Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation or any related proceedings before the USPTO, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

(b)   Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i)   A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material which has been produced by that party;

(ii)   A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that Party, and pertains to the period or periods of his or her employment;

(iii)   Non-parties may be examined during deposition or testify concerning any Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(iv)   Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion

of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

(c)     If the Outside Counsel for a Defendant attending a deposition is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination.

(d)     If a witness under sections (ii) and (iii) above is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the Parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Protected Material.

**13.     <u>NOTICE OF DISCLOSURE</u>**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(v), 8(b)(iii), or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:  (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships for the past five (5) years; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last four (4) years, and (vi) a list of all publications authored by the Person within the last ten (10) years.  The Party seeking to disclose Protected Material shall

provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(b)     Within ten (10) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement To Be Bound By Stipulated Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 13 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Protective Order.  If an objection is made, the Parties shall meet and confer via

telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

### 14.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection

of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 15.    <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena.

## 16.    <u>FILING PROTECTED MATERIAL</u>

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material. Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

(b)     Filing or lodging Protected Material under seal shall be made in compliance with the local rules for the District of Delaware.

(c)     Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

## 17.     <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return, sequester, or destruction of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a written request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall, within five (5) business days, immediately return, sequester, or destroy such Protected Material or Discovery Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.  The Receiving Party may also retain one copy of the Protected Material for presentation to the Court under seal with any such motion to compel production.  Any motion to compel

production of the inadvertently produced Discovery Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production. During the pendency of such motion, the Receiving Party shall make no other use or disclosure of the Protected Material contained therein. If the Receiving Party loses the challenge, it must destroy all remaining copies of the Protected Material.

(d)     This Protective Order constitutes an order entered pursuant to Rule 502(d) of the Federal Rules of Evidence. The production of any Discovery Material the Disclosing Party claims to be privileged or protected by the attorney-client privilege or work product protection will not constitute or be deemed a waiver or forfeiture, in this or any other action, of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter.

## 18.    <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) calendar days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) calendar days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the

Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

## 19. <u>FINAL DISPOSITION</u>

(a) Not later than sixty (60) calendar days after the final conclusion of this Action, each Party shall return all Discovery Material (except HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE materials) of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material at its own election. Within ten (10) business days after the final conclusion of this Action, all HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE materials produced by any party shall be either destroyed or returned to the Producing Party. For purposes of this Order, "final conclusion of this Action" occurs after an order, mandate, or dismissal finally terminating the above-captioned action(s) with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been destroyed or returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.     DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of the above-captioned cases and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in the above-captioned cases.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e)     No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon (or pertain to the same subject matter as other conversations or e-mail communications relied upon) by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in the above-captioned cases.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

**21.    <u>MISCELLANEOUS</u>**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.

(c)     <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards

applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

(g)     Privilege Logs. No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

(h)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders;

(i)     Until such time as this Protective Order has been entered by the Court, the parties agree that upon the execution by the Parties, the Protective Order will be treated as though it has been "So Ordered."  To the extent that the Parties disagree about one or more provisions of the Protective Order and request the Court to resolve any dispute regarding the disagreed-upon

provisions, then the Parties will treat the remaining provisions of the Protective Order as though they have been "So Ordered."

(j)    Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

22.   **OTHER PROCEEDINGS**

By entering this order and limiting the disclosure of information in the above-captioned cases, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 13, 2019

**BAYARD, P.A.**

/s/ Stephen B. Brauerman
Stephen B. Brauerman (#4952)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
(302) 655-5000

OF COUNSEL:

Peter F. Snell
Brad M. Scheller
Vincent M. Ferraro
Harold S. Laidlaw
**MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 935-3000
pfsnell@mintz.com
bmscheller@mintz.com
vmferraro@mintz.com
hslaidlaw@mintz.com

*Attorneys for Plaintiff*
*Wildcat Licensing WI, LLC*

**DLA PIPER LLP (US)**

/s/ Brian A. Biggs
Denise Kraft (# 2778)
Brian Biggs (# 5591)
Erin Larson (# 6616)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
(302) 468-5661

*Attorneys for Defendants*
*BMW Manufacturing Co., LLC and*
*BMW of North America, LLC and*

**BARNES & THORNBURG LLP**

/s/ Chad S.C. Stover
Chad S.C. Stover (# 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3474
chad.stover@btlaw.com

*Attorneys for Defendants Faurecia USA*
*Holdings, Inc., Faurecia Interior Systems,*
*Inc., Faurecia Automotive Seating, LLC,*
*Faurecia Madison Automotive Seating, Inc.,*
*Faurecia Emissions Control Technologies,*
*USA, LLC, Faurecia Emissions Control*
*Systems NA, LLC and Faurecia Automotive*
*Holdings, Inc.*

**POTTER ANDERSON & CORROON LLP**

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant FCA US LLC*

**DUANE MORRIS LLP**

*/s/ Richard L. Renck*
Richard L. Renck (#6083)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
(302) 657-4900
rlrenck@duanemorris.com

*Attorneys for Defendant*
*Ford Motor Company*


**FISH & RICHARDSON P.C.**

*/s/ Nitika Gupta Fiorella*
Warren Keith Mabey, Jr. (#5775)
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 652-5070
mabey@fr.com
fiorella@fr.com

*Attorneys for Defendant*
*General Motors LLC*


**ASHBY & GEDDES**

*/s/ John G. Day*
John G. Day (#2403)
500 Delaware Ave., 8th Floor,
Wilmington, Delaware 19899
(302) 654-1888
jday@ashbygeddes.com

*Attorneys for Defendants*
*Jaguar Land Rover Limited and*
*Jaguar Land Rover North America, LLC*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants*
*Lear Corporation and*
*Lear Automotive Manufacturing, LLC*


RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants*
*Magna International Inc., Magna*
*International of America, Inc., Magna*
*Powertrain Inc., Magna Powertrain of*
*America, Inc., Magna Powertrain USA,*
*Inc., Magna Seating of America, Inc.,*
*Magna Exteriors of America, Inc.,*
*Magna Closures of America, Inc., and*
*Cosma International Inc.*


IT IS SO ORDERED this __ day of _____, 2019.


_____
The Honorable Jennifer L. Hall
United States Magistrate Judge